**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4315**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RAMIRO CALIXTRO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:15-cr-00068-F-3)

Submitted:  March 14, 2017          Decided:  March 16, 2017

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramiro Calixtro appeals from his criminal judgment after he pleaded guilty to conspiracy to possess with intent to distribute cocaine. He received the statutory minimum 60-month sentence. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court substantially complied with Fed. R. Crim. P. 11 in accepting Calixtro's guilty plea. The Government declined to file a brief. After careful review, we affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20.

Because Calixtro did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error.

United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Calixtro] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." Id. at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pleaded guilty but for the error. Id.

The record reveals that the district court conducted a sufficient plea colloquy with Calixtro. The only error was that, although the court expressly stated that the plea was supported by an independent factual basis, it did not develop it on the record. However, neither Calixtro nor the record suggest that, but for the error, he would not have pleaded guilty. Therefore his substantial rights were not affected.

Accordingly, we conclude that the district court did not plainly err in accepting Calixtro's guilty plea. Calixtro filed a pro se brief stating that he did not wish to withdraw his guilty plea and that he only requested review of his mandatory minimum sentence. There was no reversible error in the sentence calculation or imposition. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Calixtro's conviction and sentence. This court requires that counsel

3

inform Calixtro, in writing, of the right to petition the Supreme Court of the United States for further review. If Calixtro requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Calixtro.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED